e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 8/19/2021 5:14 PM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

KYLE HARRELL )
)
)
Plaintiff, )
)
vs. )
)
) Civil Action No.: **SPCV21-00912-CO**
CENTRAL STATES TRUCKING )
CO. d/b/a FORWARD INTERMODAL, )
PROTECTIVE INSURANCE )
COMPANY and EDWIN IGLESIAS )
)
)
Defendants. )

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: ☒ Central States Trucking Co d/b/a Forward
Intermodal
c/o Cogency Global Inc
900 Old Roswell Lakes Parkway, Suite 310
Roswell, Fulton County, Ga. 30076

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

Richard A. Staggard, Esq.
Farah & Farah, P.A.
10 West Adams St. Jacksonville FL 32202
(904) 559 - 1406

an Answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demand in the Complaint.

This 19th day of _____August_____, 2021.

CLERK OF THE SUPERIOR COURT

By: Tammie Mosley
~~Clerk/Deputy Clerk~~

Sep 14, 2021
N. Martinez 3593

EXHIBIT
1 A

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 8/19/2021 5:14 PM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

KYLE HARRELL,                              )
                                           )
          Plaintiff,                       )
                                           )
-vs-                                       )
                                           )
CENTRAL STATES TRUCKING CO.                )   Civil Action No.:  **SPCV21-00912-CO**
d/b/a FORWARD INTERMODAL,                  )
PROTECTIVE INSURANCE                       )
COMPANY and EDWIN IGLESIAS,                )
                                           )
          Defendants                       )
                                           )

---

## COMPLAINT FOR DAMAGES

### COUNT I
### (VICARIOUS LIABILITY OF CENTRAL STATES TRUCKING CO d/b/a FORWARD INTERMODAL)

The Plaintiff, KYLE HARRELL ("KYLE HARRELL" or "plaintiff") by and through

undersigned counsel, files this Complaint against the Defendants

and alleges as follows:

1.      This is an action for damages in excess of $15,000.00.

2.      At all times material, the Defendant, CENTRAL STATES TRUCKING CO d/b/a

FORWARD INTERMODAL ("CENTRAL STATES"), was a foreign corporation and foreign

motor carrier, operating in interstate commerce and authorized to conduct business in the State of

Georgia. It may be served with a copy of the summons and complaint in this action by delivery

of same to its registered agent, Cogency Global Inc, 900 Old Roswell Lakes Parkway, Suite 310,

Roswell, Fulton County, Ga. 30076.

3. At all times, Defendant, CENTRAL STATES owned or was otherwise in legal possession of a tractor and trailer that were being operated with its consent by Defendant, EDWIN IGLESIAS. EDWIN IGLESIAS may be served with a copy of the summons and complaint in this action by delivery of same to him at his residence, 7990 Baymeadows Rd. E., Unit 1702, Jacksonville, Fl. 32256.

4. At all times material, the Defendant, CENTRAL STATES was a foreign corporation and foreign motor carrier, operating in interstate commerce and authorized to conduct business in the State of Georgia.

5. Defendant PROTECTIVE INSURANCE COMPANY OF PA ("PROTECTIVE") is a foreign corporation and authorized to conduct business in the State of Georgia and may be served with a copy of the summons and complaint at its registered agent, Corporation Service Company, Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Ga 30092.

6. At all times relevant to this litigation, Defendant, CENTRAL STATES, was and is legally liable for the negligent acts of the Defendant, EDWIN IGLESIAS, because Defendant, EDWIN IGLESIAS was:

    a. Acting in the course and scope of his employment and/or agency with Defendant, CENTRAL STATES and/or

    b. Was operating, with its knowledge and consent, a tractor and trailer owned by Defendant, CENTRAL STATES and/or

    c. Was operating under the DOT placard of CENTRAL STATES.

7. The collision giving rise to this action occurred on or about December 11, 2020, on property occupied by the Georgia Port Authority in Garden City, Chatham, Georgia.

8.     On or about December 11, 2020, Defendant, EDWIN IGLESIAS (the authorized driver of the tractor trailer of CENTRAL STATES), negligently operated the aforementioned tractor and trailer owned by or otherwise in the legal possession of the Defendant, CENTRAL STATES causing it to collide with a Sky Power CAT man lift occupied by Plaintiff.

9.     As a direct and proximate result of the aforesaid negligence, Plaintiff, KYLE HARRELL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.  Plaintiff, KYLE HARRELL, has sustained permanent injuries within a reasonable degree of medical probability.

WHEREFORE, Plaintiff KYLE HARRELL, having fully set forth his claims for damages against Defendant CENTRAL STATES TRUCKING CO. d/b/a Forward Intermodal, and based upon the pleadings found herein, Plaintiff KYLE HARRELL respectfully prays and requests that this Honorable Court:

(a)     Empanel a jury to hear his cause and determine all contested issues of fact;

(b)     Award Plaintiff KYLE HARRELL his actual damages against CENTRAL STATES TRUCKING CO. d/b/a Forward Intermodal;

(c)     Award Plaintiff KYLE HARRELL his costs of this action, including reasonable attorneys' fees against CENTRAL STATES TRUCKING CO. d/b/a Forward Intermodal; and

3

(d)     Empanel a jury to hear his cause and determine all contested issues of fact;

(e)     Award Plaintiff KYLE HARRELL his actual damages PROTECTIVE;

(f)     Award Plaintiff KYLE HARRELL his costs of this action, including reasonable attorneys' fees against PROTECTIVE; and

Award Plaintiff KYLE HARRELL such other legal and equitable relief as this Honorable Court shall deem just and proper against PROTECTIVE.

## COUNT III
## (NEGLIGENCE OF EDWIN IGLESIAS)

15. Plaintiff repeats and realleges paragraphs 1, 4, 5 and 6 of the Complaint.

16. As a direct and proximate result of the aforesaid negligence of Defendant, EDWIN IGLESIAS, Plaintiff, KYLE HARRELL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff, KYLE HARRELL, has sustained permanent injuries within a reasonable degree of medical probability.

WHEREFORE, Plaintiff KYLE HARRELL, having fully set forth his claims for damages against Defendant EDWIN IGLESIAS, and based upon the pleadings found herein, Plaintiff KYLE HARRELL respectfully prays and requests that this Honorable Court:

(g)     Empanel a jury to hear his cause and determine all contested issues of fact;

(h)     Award Plaintiff KYLE HARRELL his actual damages EDWIN IGLESIAS;

(i)      Award Plaintiff KYLE HARRELL his costs of this action, including reasonable

attorneys' fees against EDWIN IGLESIAS; and

Award Plaintiff KYLE HARRELL such other legal and equitable relief as this Honorable Court

shall deem just and proper against EDWIN IGLESIAS.

RICHARD A. STAGGARD, ESQ.
Georgia Bar No. 219153

**FARAH & FARAH, P.A.**
10 West Adams Street, 3rd Floor
Jacksonville, FL 32202
(904) 358-8888
(904) 358-2424 (facsimile)
rstaggard@farahandfarah.com          Attorney for Plaintiff, Kyle Harrell

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 8/19/2021 5:14 PM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

KYLE HARRELL )
)
    Plaintiff, )
)
vs. )
)
CENTRAL STATES TRUCKING )   Civil Action No:    **SPCV21-00912-CO**
CO. d/b/a FORWARD INTERMODAL, )
PROTECTIVE INSURANCE )
COMPANY and EDWIN IGLESIAS )
)
)
    Defendants. )

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:     Edwin Iglesias
    7990 Baymeadows Rd. E., Unit 1702
    Jacksonville, FL 32256

    You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

    Richard A. Staggard, Esq.
    Farah & Farah, P.A.
    10 West Adams St. Jacksonville FL 32202
    (904) 559 - 1406

an Answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demand in the Complaint.

    This 19th day of   **August**  , 2021.

CLERK OF THE SUPERIOR COURT

By: _____
    Clerk/Deputy Clerk

EXHIBIT
"B"

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 8/19/2021 5:14 PM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| KYLE HARRELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CENTRAL STATES TRUCKING | ) | Civil Action No.:  **SPCV21-00912-CO** |
| CO. d/b/a FORWARD INTERMODAL, | ) | |
| PROTECTIVE INSURANCE | ) | |
| COMPANY and EDWIN IGLESIAS | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:      Protective Insurance Company
c/o Corporation Service Company
Sun Court, Suite 400, Peachtree Corners,
Gwinnett County, Ga. 30092

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

Richard A. Staggard, Esq.
Farah & Farah, P.A.
10 West Adams St. Jacksonville FL 32202
(904) 559 - 1406

an Answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demand in the Complaint.

This 19th day of ___August___, 2021.

CLERK OF THE SUPERIOR COURT

By: _____
Clerk/Deputy Clerk

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 8/19/2021 5:14 PM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

KYLE HARRELL          )
                      )
     Plaintiff,       )
                      )
vs.                   )
                      )     Civil Action No.: **SPCV21-00912-CO**
                      )
CENTRAL STATES TRUCKING )
CO. d/b/a FORWARD INTERMODAL, )
PROTECTIVE INSURANCE  )
COMPANY and EDWIN IGLESIAS )
                      )
                      )
     Defendants.      )

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:          Central States Trucking Co d/b/a Forward
                                        Intermodal
                                        c/o Cogency Global Inc
                                        900 Old Roswell Lakes Parkway, Suite 310
                                        Roswell, Fulton County, Ga. 30076

        You are hereby summoned and required to file with the Clerk of said Court and serve upon
the Plaintiff's attorney, whose name and address is:

                        Richard A. Staggard, Esq.
                          Farah & Farah, P.A.
                10 West Adams St. Jacksonville FL 32202
                          (904) 559 - 1406

an Answer to the Complaint which is herewith served upon you, within thirty (30) days after
service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment
by default will be taken against you for the relief demand in the Complaint.

        This 19th day of ___August___, 2021.

                                        CLERK OF THE SUPERIOR COURT

                                        By: _____
                                        ~~Clerk/Deputy Clerk~~

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 8/19/2021 5:14 PM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

KYLE HARRELL                                )
                                            )
        Plaintiff,                          )
                                            )
vs.                                         )
                                            )     Civil Action No.:    **SPCV21-00912-CO**
CENTRAL STATES TRUCKING                     )
CO. d/b/a FORWARD INTERMODAL,               )
PROTECTIVE INSURANCE                        )
COMPANY and EDWIN IGLESIAS                  )
                                            )
                                            )
        Defendants.                         )

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:          Progressive Premier Insurance Company of
                                       Illinois
                                       c/o CT Corporation System
                                       289 S. Culver St.
                                       Lawrenceville, GA 30046

        You are hereby summoned and required to file with the Clerk of said Court and serve upon
the Plaintiff's attorney, whose name and address is:

                        Richard A. Staggard, Esq.
                        Farah & Farah, P.A.
              10 West Adams St. Jacksonville FL 32202
                        (904) 559 - 1406

an Answer to the Complaint which is herewith served upon you, within thirty (30) days after
service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment
by default will be taken against you for the relief demand in the Complaint.

        This 19th day of ___August___, 2021.

                                            CLERK OF THE SUPERIOR COURT

                                            By: _Tammie Mosley_
                                            Clerk/Deputy Clerk

# RULE 3.2 CERTIFICATION AND STANDING ORDER NOTICE

**Pursuant to rules 3.2 and 3.4 of the Uniform Superior Court Rules, I hereby certify that:**
(CHECK ONE)

[X] no case has heretofore been filed in the Superior Court of the Eastern Judicial Circuit involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

OR

[ ] this petition-pleading involves substantially the same parties or substantially the same subject matter or substantially the same factual issues as in case # _____.

Kyle Harrell _____ (Plaintiff) vs. Central States Trucking Co. et al. (Defendant)

This 19th day of August , 20 21 .

_____ Attorney/Plaintiff

## Notice of Eastern Judicial Circuit Standing Orders

**YOU MUST SERVE THIS NOTICE UPON THE OPPOSING PARTY** together with the initial filing of suit, counterclaim, crossclaim or interpleader. The Superior Court has adopted the following STANDING ORDERS which may apply to you and which may affect your ability to obtain a hearing:

1. **MANDATORY MEDIATION ORDER**, effective January 3, 2011: This order requires parties to mediate their case prior to the pretrial conference or trial. Certain limited cases are exempt from the mediation requirement. Please secure a copy of the mediation order and determine if it applies to your case.

2. **ORDER ON PRODUCTION OF DOCUMENTS**, effective March 15, 2002 and reinstated January 3, 2011: This order applies to all domestic cases in which temporary or permanent financial relief is sought. The order requires the parties in such cases to exchange certain documents listed in the order within a specified time frame. A copy of the production of documents order must be served upon the defendant together with the complaint and summons.

3. **TRANSITIONAL PARENTING SEMINAR ORDER**, effective March 10, 2010 and reinstated January 3, 2011: This order requires the parties in certain domestic cases involving the interest of children under 18 years of age to complete the "Transitional Parenting Seminar". Please secure a copy of the mediation order and determine if it applies to your case.

**COPIES OF THE STANDING ORDERS ARE AVAILABLE AT THE OFFICE OF THE CLERK OF SUPERIOR COURT OR AT:**

**http://www.chathamcounty.org/department_freeform_T7_R132.html**

FORM 3.2 REVISED JAN 2011

E-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 8/19/2021 5:14 PM
Reviewer: LS

**General Civil and Domestic Relations Case Filing Information Form**

☒ Superior or ☐ State Court of **Chatham** County

| For Clerk Use Only | |
|---|---|
| Date Filed **8/19/2021** | Case Number **SPCV21-00912-CO** |
| MM-DD-YYYY | |

**Plaintiff(s)**
Harrell   Kyle
Last   First   Middle I.   Suffix   Prefix

**Defendant(s)**
Central States Trucking Co.
Last   First   Middle I.   Suffix   Prefix

Protective Insurance Company
Last   First   Middle I.   Suffix   Prefix

Iglesias   Edwin
Last   First   Middle I.   Suffix   Prefix

Plaintiff's Attorney **Richard A. Staggard**   State Bar Number **219153**   Self-Represented ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number   _____ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

nber: 27025212   Court Case Number: SPCV21-00912-CO  CHATHAM SUPERIOR

Spe     vice Inst:

Filed: 9/9/2021 Time: 11:08 AM

Gwinnett County

State of Georgia

e-Filed in Office
Tammie Mosley
Clerk of Superior Cou
Chatham County
Date: 9/27/2021 2:32
Reviewer: DM

ATTORNEY'S ADDRESS

BRADLEY SEABURN & ASSOCIATES
P O BOX 61001

JACKSONVILLE, FL 32236

KYLE HARRELL
PLAINTIFF
VS.
PROTECTIVE INSURANCE COMPANY
DEFENDANT

NAME AND ADDRESS OF PARTY TO BE SERVED

PROTECTIVE INSURANCE COMPANY
C/O C S C
2 SUN CT STE 400
PEACHTREE CORNERS, GA 30092

SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant_____ Sex_____ Skin Color_____ Hair Color_____ Age_____ Hgt_____ Wgt_____
personally with a copy of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving a copy of the action and
summons at his most notorious place in this County.

Delivered same into the hands of _____ described as follows:

| SEX | SKIN COLOR | HAIR COLOR | AGE | HGT | WGT |
|-----|-----------|-----------|-----|-----|-----|

**CORPORATION** ☒

I have this day served the _____PROTECTIVE   INSURANCE   COMPANY_____ a corporation by leaving a copy of
the within action and summons with _____ALISHA   SMITH_____ in charge of the office and place of
doing business of said Corporation in this County.

**TACK AND MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant at the address shown in said summons, with adequate postage affixed thereon containing notice to the
defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____ not to be found
in the jurisdiction of this Court.

SPECIAL PROCESS  SUMMONS, COMPLAINT

COMMENTS

Subscribed and sworn be to before this

9  day of _Sept_, 2021

_Kathy Sullivan_
commission expires 2/14/24
Notary public in and for said County and State

Date: _9/9/2021_

Time: _____

_SV_   _$0.00_
Deputy Sheriff

_5.00_

GWINNETT COUNTY GEORGIA

# VERIFIED RETURN OF SERVICE

Job # J216340

**Client Info:**

RICHARD A. STAGGARD
FARAH & FARAH, P.A.
10 WEST ADAMS STREET, 3RD FLOOR
JACKSONVILLE, FL 32202

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 9/27/2021 2:39 PM
Reviewer: AB

**Case Info:**

**PLAINTIFF:**
KYLE HARRELL
  -versus-
**DEFENDANT:**
CENTRAL STATES TRUCKING CO. D/B/A FORWARD INTERMODAL,
PROTECTIVE INSURANCE COMPANY and EDWIN IGLESIAS

SUPERIOR COURT

County of Chatham, Georgia
Court Case # **SPCV21-00912-CO**

**Service Info:**

Received by JAMES PLANK: on August, 23rd 2021 at **03:23 PM**
**Service:** I Served **EDWIN IGLESIAS**
With: **SUMMONS; COMPLAINT FOR DAMAGES**
by leaving with **EDWIN IGLESIAS, PERSONALLY**

At Residence **7990 BAYMEADOWS RD. E. UNIT 1702 JACKSONVILLE, FL 32256**
On **9/14/2021** at **08:15 PM**
**Manner of Service: INDIVIDUAL**
F.S. 48.031(1) INDIVIDUAL SERVICE

I **JAMES PLANK** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**JAMES PLANK**
Lic # **1161**

**BRADLEY, SEABURN & ASSOCIATES**
PO BOX 61001 5455 VERNA BLVD
JACKSONVILLE, FL 32236

Job # J216340




1 of 1

# VERIFIED RETURN OF SERVICE

Job # J216340

**Client Info:**

RICHARD A. STAGGARD
FARAH & FARAH, P.A.
10 WEST ADAMS STREET, 3RD FLOOR
JACKSONVILLE, FL 32202

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 9/27/2021 2:39 PM
Reviewer: AB

**Case Info:**

**PLAINTIFF:**
KYLE HARRELL
  -versus-
**DEFENDANT:**
CENTRAL STATES TRUCKING CO. D/B/A FORWARD INTERMODAL,
PROTECTIVE INSURANCE COMPANY and EDWIN IGLESIAS

SUPERIOR COURT

County of Chatham, Georgia
Court Case # **SPCV21-00912-CO**

**Service Info:**

Received by JAMES PLANK: on August, 23rd 2021 at 03:23 PM
**Service:** I Served **EDWIN IGLESIAS**
With: **SUMMONS; COMPLAINT FOR DAMAGES**
by leaving with **EDWIN IGLESIAS, PERSONALLY**

**At Residence 7990 BAYMEADOWS RD. E. UNIT 1702 JACKSONVILLE, FL 32256**
On **9/14/2021** at **08:15 PM**
**Manner of Service: INDIVIDUAL**
F.S. 48.031(1) INDIVIDUAL SERVICE

I **JAMES PLANK** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**JAMES PLANK**
Lic # **1161**

**BRADLEY, SEABURN & ASSOCIATES**
PO BOX 61001 5455 VERNA BLVD
JACKSONVILLE, FL 32236

Job # J216340





1 of 1

SHERIFF'S ENTRY OF SERVICE

Civil Action No. _SPCV21-00912-CO_

Date Filed _9/10/2021_

Attorney's Address

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 9/27/2021 2:34 PM
Reviewer: DM

SUPERIOR COURT

GEORGIA, FULTON COUNTY

_Bradley, Seabum & Asso_

_____ Plaintiff

VS.

_Cogency Global Inc_

_____ Defendant

Name and Address of Party to be Served

_Cogency Global Inc_
_900 Old Roswell Lakes PKwy ste 310_
_Roswell, GA. 30076_

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at this most place notorious place of abode in this county.

Delivered same into hands of _____ described as follows age, about_____ years; weight, about_____ pounds; height about_____ feet and_____ inches, domiciled at the residence of the defendant.

**CORPORATION** ☑

Served the defendant _Central States Trucking Co_ a corporation by leaving a copy of the with in action and summons with _Cogency Global R/A_ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon continuing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this court.

This _14_ day of _September_ 20 _21_.

_N. Martinez 3593_
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE - CLERK; CANARY - PLAINTIFF; PINK - DEFENDANT

Sheriff Number: 21025212    Court Case Number: SPCV21-00912-CO
Date Received: 9/9/2021 Time: 11:08 AM
Special Service Inst:

CHATHAM SUPERIOR
Gwinnett County

State of Georgia
e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 9/27/2021 2:28 PM
Reviewer: MS

ATTORNEY'S ADDRESS

BRADLEY SEABURN & ASSOCIATES
P O BOX 61001

JACKSONVILLE, FL 32236

NAME AND ADDRESS OF PARTY TO BE SERVED

PROGRESSIVE PREMIER INSURANCE
C/O CT CORP
289 SOUTH CULVER STREET
LAWRENCEVILLE, GA 30046

KYLE HARRELL
PLAINTIFF

VS.

PROTECTIVE INSURANCE COMPANY
DEFENDANT

SHERIFF'S ENTRY OF SERVICE

**PERSONAL** [ ]   Sex_____ Skin Color_____ Hair Color_____ Age_____ Hgt_____ Wgt_____
I have this day served the defendant_____ personally with a copy of the within action and summons.

**NOTORIOUS** [ ]
I have this day served the defendant_____ by leaving a copy of the action and
summons at his most notorious place in this County.

Delivered same into the hands of _____ described as follows:

| SEX | SKIN COLOR | HAIR COLOR | AGE | HGT | WGT |
|-----|-----------|-----------|-----|-----|-----|

**CORPORATION** [X]   *Progressive Premier Ins.*
I have this day served the *Jane Richardson (PH)* a corporation by leaving a copy of
the within action and summons with_____ in charge of the office and place of
doing business of said Corporation in this County.

**TACK AND MAIL** [ ]

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant at the address shown in said summons, with adequate postage affixed thereon containing notice to the
defendant(s) to answer said summons at the place stated in the summons.

**NON EST** [ ]

Diligent search made and defendant _____ not to be found
in the jurisdiction of this Court.

**SPECIAL PROCESS SUMMONS, COMPLAISINT**

**COMMENTS**

Subscribed and sworn be to before this

*10* day of *Sept* *2021*

*Kathy Sullivan*

Notary public in and for said County and State
*commission expires 2/14/24*

Date: *9-10-21*

Time:_____

*Lt. Higgins 50541*
Deputy Sheriff

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 10/11/2021 2:33 PM
Reviewer: AB

## IN THE SUPERIOR COURT OF CHATHAM COUNTY

## STATE OF GEORGIA

KYLE HARRELL,

     Plaintiff,

v.

CENTRAL STATES TRUCKING CO.,
d/b/a FORWARD INTERMODAL,
PROTECTIVE INSURANCE
COMPANY and EDWIN IGLESIAS,

     Defendants.

JURY TRIAL DEMANDED
File No.: SPCV21-00912-CO

## ANSWER OF DEFENDANTS CENTRAL STATES TRUCKING CO., d/b/a FORWARD INTERMODAL, PROTECTIVE INSURANCE COMPANY, and EDWIN IGLESIAS

**COME NOW** Defendants Central States Trucking Co., d/b/a Forward Intermodal ("Central"), Protective Insurance Company ("Protective), and Edwin Iglesias (collectively "Defendants") and hereby answer Plaintiff's Complaint for Damages ("Complaint") as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

No alleged act or omission on the part of Defendants caused or contributed to Plaintiff's claimed damages.

## THIRD DEFENSE

By the exercise of ordinary care, Plaintiff could have avoided the accident that forms the basis of Plaintiff's Complaint.

## FOURTH DEFENSE

Any recovery by Plaintiff should be reduced in proportion to the comparative fault of Plaintiff and others.

## FIFTH DEFENSE

Plaintiff's claim to punitive damages, if any, and the provisions of Georgia law governing the right to recover punitive damages, or the determination of the amount of punitive damages, violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which is penal in nature, against a civil defendant, upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

b. The procedures pursuant to which punitive damages is awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates Defendants' rights to due process as guaranteed by the United States Constitution.

c.  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

d.  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Defendants' due process rights.

e.  The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of Defendants' due process rights.

f.  Plaintiff's claims for punitive damages, if any, against Defendants cannot be sustained because any award of punitive damages under Georgia law would violate Defendants' due process rights in as much as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

g.  Plaintiff's claims of punitive damages, if any, and the provisions of Georgia law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague,

indefinite and uncertain and they deprive Defendants of due process of law.

h. Plaintiff's claims of punitive damages, if any, and the provisions of Georgia law governing the right to recover punitive damages or the determination of punitive damages cause Defendants to be treated differently from other similarly situated persons/entities by subjecting Defendants to liability beyond the actual loss, if any, caused by Defendants' conduct, if any, and to liability determined without clearly defined principles, standards, and limits on the amount of such awards.

i. Plaintiff's claims of punitive damages, if any, and the provisions of Georgia law governing the right to recover punitive damages or the determination of punitive damages subject Defendants to punishment for the conduct of others through vicarious liability, *respondeat superior*, or through non-apportionment of damages among joint tortfeasors based on the respective enormity of his alleged misconduct, in violation of Defendants' due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

j. Plaintiff's claims for punitive damages, if any, and the provisions of Georgia law governing the right to recover punitive damages or the determination of punitive damages expose Defendants to the risk of indefinable, unlimited liability unrelated to the actual loss caused by

Defendants' conduct, creating a chilling effect on Defendants' exercise of his right to a judicial resolution of this dispute.

k.  An award of punitive damages in this case would constitute a deprivation of property without due process of law.

l.  The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

### SIXTH DEFENSE

Plaintiff's claims to punitive damages, if any, and the provisions of Georgia law governing the right to recover punitive damages, or the determination of the amount of punitive damages, violate the Georgia Constitution and/or the common law or public policies of Georgia on the following grounds:

a.  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain and they deprive Defendants of due process of law in violation of the Georgia Constitution.

b.  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages and deprive Defendants of due process of law in violation of the Georgia Constitution.

c.  An award of punitive damages in this case would constitute a deprivation of property without due process of law.

d.  The procedures pursuant to which punitive damages is awarded cause Defendants to be treated differently from other similarly situated persons

and/or entities by subjecting Defendants to liability beyond the actual loss, if any, caused by Defendants' conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

e.  The procedures pursuant to which punitive damages is awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies Defendants his right of equal protection and due process.

## SEVENTH DEFENSE

Plaintiff's claim for punitive damages, if any, is barred to the extent that it seeks the admission into evidence of Defendants' net worth in determining whether punitive damages is to be awarded and/or in what amount they is to be awarded because punitive damages is a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## EIGHTH DEFENSE

The claims of Plaintiff for punitive damages against Defendants, if any, cannot be upheld to the extent they are a violation of any law passed by the United States Congress or the Georgia Legislature limiting awards of punitive damages.

### NINTH DEFENSE

Defendants have not been stubbornly litigious and have not acted in bad faith in defending against the allegations raised by Plaintiff, and therefore Plaintiff is not entitled to attorney's fees and expenses of litigation.

### TENTH DEFENSE

Plaintiff fails to state a claim for an award of attorneys' fees.

### ELEVENTH DEFENSE

Protective is not amenable to a direct-action suit and should be dismissed from this matter.

### TWELFTH DEFENSE

Defendants answer the specific allegations contained in Plaintiff's Complaint as follows:

### ALLEGATIONS OF COUNT I

1.

Defendants admit that Plaintiff appears to be seeking damages in excess of $15,000. Defendants deny any remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint. Responding further, Defendants state that Protective is an excess carrier and is not a proper party to this suit.

6.

Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint, including all subparagraphs, as stated. Responding further, Defendants state that Iglesias was an independent contractor working under Central's operating authority.

7.

Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendants deny the allegations contained in the first sentence of Paragraph 9 of Plaintiff's Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

Defendants deny that Plaintiff is entitled to the any of the relief sought, including but not limited to the relief sought in the WHEREFORE paragraph and all subparagraphs at the end of Count I.

## ALLEGATIONS OF COUNT II

### 10.

Paragraph 10 of Plaintiff's Complaint is an incorporation paragraph; it requires no response from Defendants. Defendants incorporate their responses and defenses.

### 11.

Defendants deny the allegations contained Paragraph 11 of Plaintiff's Complaint.

### 12.

Defendants admit that Protective issued a policy of insurance to Central. Protective's obligations are governed by the terms and conditions of that policy, as well as the applicable law. Defendants deny that Protective is a proper party to this action.

### 13.

Defendants deny the allegations contained Paragraph 13 of Plaintiff's Complaint.

### 14.

Defendants deny the allegations contained in the first sentence of Paragraph 14 of Plaintiff's Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

Defendants deny that Plaintiff is entitled to the any of the relief sought, including but not limited to the relief sought in the WHEREFORE paragraph and all subparagraphs at the end of Count II.

## ALLEGATIONS OF COUNT III

15.

Paragraph 15 of Plaintiff's Complaint is an incorporation paragraph; it requires no response from Defendants. Defendants incorporate their responses and defenses.

16.

. Defendants deny the allegations contained in the first sentence of Paragraph 16 of Plaintiff's Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint; therefore, they stand denied as a matter of law.

Defendants deny that Plaintiff is entitled to the any of the relief sought, including but not limited to the relief sought in the WHEREFORE paragraph and all subparagraphs at the end of Count III.

17.

Any allegation not explicitly admitted in Plaintiff's Complaint is denied.

18.

Defendants deny that Plaintiff is entitled to recover from them in any amount based on any theory.

**WHEREFORE,** having fully answered the allegations of Plaintiff's Complaint, Defendants request that they be granted a jury trial by a twelve (12) person jury as provided by law.

October 11, 2021.

**NALL & MILLER, LLP**

BY: __*/s/ Patrick N. Arndt*__

**MICHAEL D. HOSTETTER**
Georgia Bar No. 368420
**PATRICK N. ARNDT**
Georgia Bar No. 139033

**ATTORNEYS FOR DEFENDANTS**

235 Peachtree Street, N.E.
North Tower, Suite 1500
Atlanta, Georgia 30303-1905
Phone: 404/ 522-2200
Fax: 404/522-2208
mhostetter@nallmiller.com
parndt@nallmiller.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **ANSWER OF DEFENDANTS** in connection with the above matter upon Counsel of Record via Statutory Electronic Service (PeachCourt).

October 11, 2021.

**NALL & MILLER, LLP**

BY:  */s/ Patrick N. Arndt*
**MICHAEL D. HOSTETTER**
Georgia Bar No. 368420
**PATRICK N. ARNDT**
Georgia Bar No. 139033

**ATTORNEYS FOR DEFENDANTS**

*Party served:*

Richard A. Staggard, Esq.
Farah & Farah, P.A.
10 West Adams Street
3rd Floor
Jacksonville, Florida 32202
E-Mail: rstaggard@farahandfarah.com
*Attorney for Plaintiff*

912366v.1



**Brian Kemp**
Governor

**J. Alexander Atwood**
Commissioner

August 31, 2021

**REGULAR AND CERTIFIED MAIL**
**7020 1290 0000 3576 3131**

Protective Insurance
C/o – Toan Nguyen
111 Congressional Blvd
Suite 500
Carmel, IN 46032

Re:   Employee:          HARRELL, KYLE D
       Claim Number:      WC21646774
       Accident Date:     12/11/2020
       Your Insured:      Edwin Iglesias
       Claim Number:      ZA-27342

Dear Toan Nguyen:

I am the Recovery Specialist for the Department of Administrative Services (DOAS), Division of Risk Management Services, which administers the workers' compensation matters for State of Georgia Employees. The above captioned employee sustained injuries in an accident involving your insured on 12/11/2020.

Our investigation indicates that your insured **Edwin Iglesias** is responsible for the injuries sustained by Kyle Harrell. As a result by your insured, we were required to make payments of Workers' Compensation benefits to Kyle Harrell and we are requesting reimbursement of that amount from you, as outlined under O.C.G.A. 34-9-11.1. At this point, we do not have a final number for the amount of our lien as the income and medical benefits are continuing to accrue. However, at this time our lien is in the amount of **$44,992.71**.

This letter is to advise you that DOAS Division of Risk Management Services has a lien against any settlement or judgement proceeds, which the injured employee may receive from you. We have placed your insured on notice of our lien and of our intention to proceed directly against (him/her) when the time for Kyle Harrell to file suit has run. We believe that any settlement that you may make with Kyle Harrell without our involvement may expose **Protective Insurance** to bad faith penalties for violation of your fiduciary responsibility to your insured.

Once you have had a chance to review this letter, please contact me directly so we may work towards an amicable resolution of this lien. My direct number is 678-325-2243.

Regards,

Robin Grant
Workers' Comp. Subro/Recovery Specialist
email: robin.grant@doas.ga.gov

---

Phone: 404-656-6245

Risk Management Services
200 Piedmont Avenue SE · Suite 1220 West Tower · Atlanta, Georgia 30334-9010
www.doas.ga.gov

Fax: 404-657-1188



EXHIBIT
'C'

U.S. POSTAGE >> PITNEY BOWES

ZIP 30043 $ 007.33°
02 4W
0000380507 SEP. 01. 2021



CERTIFIED MAIL®

7020 1290 0000 3576 3131

State of Georgia
Department of Administrative Servic
Risk Management Division
200 Piedmont Avenue, Suite 1208 West Tower
Atlanta, Georgia 30334

Protective Insurance
C/o – Toan Nguyen
111 Congressional Blvd
Suite 500
Carmel, IN 46032

46032356663 C013

DCAS 02

Ba_026520_2_4_9/10/2021_10:46 AM